IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFF STEVENS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 07-889-GPM |
| GENERAL CABLE CORPORATION, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Two motions are pending: a motion to compel payment of defense counsel's fees and a motion for contempt. As with everything in this case, there is no response from Plaintiff.

On May 20, 2009, this Court ordered Plaintiff's counsel, Teresa A. Machicao-Hopkins, to pay General Cable Corporation ("General Cable") $4,000.00 within 30 days (*see* Doc. 35). This order was occasioned by Machicao-Hopkins's ultimate failure to prosecute this action, a failure which led to the dismissal of her client's claims and the entry of judgment in February (*see* Docs. 32, 33). When Machicao-Hopkins failed to respond to General Cable's motion for attorney's fees (as she had failed to respond to the General Cable's motion to dismiss and this Court's Order to Show Cause), the Court ordered her to pay General Cable's attorney's fees.

This case could have been over if Machicao-Hopkins had just paid the attorney's fees as ordered. But she didn't. So, on June 23, 2009, General Cable filed the instant motion to compel. The next day, the Court is told, General Cable received a check from Machicao-Hopkins. Again, this could have been the end of the matter if the check had cleared the bank. But it didn't.

Now General Cable seeks to hold Machicao-Hopkins in contempt. "Sanctions for civil contempt are designed either to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy." *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001) (*citing Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999)). A coercive sanction "seek[s] to induce future behavior by attempting to coerce a recalcitrant party or witness to comply with an express court directive." *Dowell*, 257 F.3d at 699. In contrast, a remdial sanction is "backward-looking and seek[s] to compensate an aggrieved party for losses sustained as a result of the contemnor's disobedience." *Id.* The proof need only be clear and convincing evidence. *See Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989).

Here, the Court seeks both to induce future behavior (payment of the $4,000.00 in attorney's fees previously ordered) and to compensate General Cable for the losses it sustained (attorney's fees and costs generated because it was forced to file the motion to compel and the motion for contempt). Accordingly, the motions are **GRANTED**. Attorney Teresa Machicao-Hopkins is found to be in contempt of this Court for violation of the May 20, 2009, Order.

Attorney Teresa Machicao-Hopkins shall, within **twenty-four hours** of receipt of this Order comply with the Court's May 20, 2009, Order and pay $4,000.00 to defense counsel by certified check or money order. Attorney Machicao-Hopkins shall also, within **five days** of receipt of this Order, pay $1,000.00 to defense counsel by certified check or money order as payment for General Cable's attorney's fees and costs incurred after entry of the May 20, 2009, Order. If Machicao-Hopkins does not make these payments as ordered, she will be further sanctioned $1,000.00 per day for each day she remains in contempt.

The Clerk of Court is **DIRECTED** to send a copy of this Order to attorney Machicao-

Hopkins via overnight mail with delivery confirmation. Machicao-Hopkins shall file a memorandum with this Court certifying that she has fully complied with this Order and show cause why she should no longer be held in contempt.

**IT IS SO ORDERED.**

DATED: 8/13/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge